# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GLORIA GALVAN, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:10-CR-0302-JEC-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:12-CV-3527-JEC-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Gloria Galvan's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [Doc. 38]. For the reasons stated herein, the undersigned finds that this § 2255 motion is time barred and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." See also Edwards v. United States, 295 F. App'x 320, 321 (11th Cir. 2008) (per curiam) (affirming district court's sua sponte denial of § 2255 motion as time-barred).

## I. PROCEDURAL HISTORY

Galvan pleaded guilty, pursuant to a negotiated plea agreement, to one count of robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count One); three counts of carjacking, in violation of 18 U.S.C. §§ 2119 and 2 (Counts Two, Three and Six); one count of attempted car jacking, in violation of §§ 2119 and 2 (Count Four); and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count Five). [Docs. 11, 23, 25, 32]. On August 11, 2011, the Court entered judgment sentencing Galvan to a total of 255 months of imprisonment, consisting of 135 months on Counts One, Two, Three, Four, and Six, and 120 months on Count Five, to run consecutive. [Doc. 37]. Galvan did not appeal.

Galvan filed this pro se § 2255 motion on October 1, 2012.[2] [Doc. 38 at 3]. Galvan claims that she is innocent of the offense alleged in Count Five because "she does not fit the criteria of being a felon in possession of a firearm."[3] [Id. at 1]. To

---

[2] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. Washington, 243 F.3d at 1301.

[3] The Court notes that Count Five did not charge Galvan with being a felon in possession of a firearm, but with using a firearm in connection with a crime of

support her claim, Galvan relies on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), in which the Fourth Circuit held on August 17, 2011, that defendant's prior North Carolina conviction for non-aggravated, first-time marijuana possession did not qualify as a predicate felony conviction for purposes of the Controlled Substances Act. [Doc. 38 at 1]. Galvan further contends that her motion to vacate is timely under § 2255(f)(3) because her claim is based on the Supreme Court's holding in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which she maintains "created a new rule that is retroactively applicable on collateral review." [Doc. 38 at 2]. Galvan also asserts that extraordinary circumstances beyond her control prevented her from filing this motion on time. [Id. at 1].

## II. DISCUSSION

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

violence. [Doc. 11 at 3-4].

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, there is no claim that the circumstances set forth in subparagraphs (2) or (4) of § 2255(f) apply.

Galvan's conviction became final, for purposes of § 2255(f)(1), on August 25, 2011, when the time for filing a direct appeal expired. See Fed. R. App. P. 4(b)(1)(A)(i), (6) (providing that a defendant's notice of appeal must be filed within fourteen days after the written judgment of conviction is entered on the criminal docket); see also Ramirez v. United States, 146 F. App'x 325, 325 (11th Cir. 2005) (per curiam) ("[F]or § 2255 statute of limitations purposes, a judgment of conviction becomes final when the time for filing a direct appeal expires."). Because Galvan did not file her § 2255 motion until October 1, 2012, more than one year after her conviction became final, it was not timely under § 2255(f)(1). The motion is also not timely under § 2255(f)(3) because the Supreme Court case on which Galvan relies, Carachuri-Rosendo, was decided in 2010, well before her 2011 judgment of conviction.

AO 72A
(Rev.8/82)

Even when the limitations period has expired, a movant's "actual innocence" may lift the time bar that otherwise would prevent consideration of her § 2255 claims. United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," thereby showing "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup v. Delo, 513 U.S. 298, 324, 327 (1995). Although Galven states that she is actually innocent, it is unclear whether she is referring to her alleged innocence of the offense charged in Count Five or of a sentencing enhancement. In any event, Galven cites no evidence to support her claim and does not otherwise satisfy the Schlup standard. See Ealy v. Ferrell, No. 1:09-CV-1157-TMH, 2012 WL 642070, at *4 (M.D. Ala. Feb. 8, 2012) (finding prisoner's "self-serving, conclusory allegation that he is actually innocent" insufficient to satisfy the Schlup standard), report and recommendation adopted by, 2012 WL 631899 (Feb. 28, 2012); Elacin v. Thompson, No. 1:10-CV-0220-TWT-RGV, 2010 WL 2653371, at *3 (N.D. Ga. May 27, 2010) (finding that prisoner failed to meet the Schlup standard because he had "not cited any new evidence to support his bare assertion of

5

innocence"), report and recommendation adopted by, 2010 WL 2674426 (July 01, 2010).

"Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). "The burden of establishing entitlement to [equitable tolling] plainly rests with the [movant]." Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) (citation omitted). Galvan asserts that extraordinary circumstances beyond her control prevented her from filing this motion on time, but provides no specifics or factual contentions to support this assertion. Accordingly, Galvan fails to show that she is entitled to equitable tolling, and her § 2255 motion is due to be dismissed as untimely. See Warmus v. United States, 253 F. App'x 2, 2-4 (11th Cir. 2007) (per curiam) (unpublished) (affirming dismissal of § 2255 motion filed more than a year after federal prisoner's convictions became final as time barred where prisoner failed to establish his entitlement to equitable tolling); Bannister v. United States, Nos. 09-81070-Civ, 05-80063-Cr, 2009 WL 4894500, at *2 (S.D. Fla. Nov. 24, 2009) (finding movant's conclusory allegations insufficient to justify equitable tolling), report and recommendation adopted at *1 (Dec. 18, 2009).

AO 72A
(Rev.8/82)

## III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Galven's § 2255 motion as time barred is not debatable by jurists of reason, the undersigned recommends that she be denied a COA.

AO 72A
(Rev.8/82)

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 38], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 18th day of October, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)