### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| GLORIA GALVAN, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:10-CR-0302-JEC-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:13-CV-2355-JEC-RGV |

### FINAL REPORT AND RECOMMENDATION

This matter is before the Court for consideration of movant Gloria Galvan's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [Doc. 43]. For the reasons stated herein, the undersigned finds that this § 2255 motion is impermissibly successive and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## I.  PROCEDURAL HISTORY

Galvan pleaded guilty, pursuant to a negotiated plea agreement, to one count of robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count One); three counts of carjacking, in violation of 18 U.S.C. §§ 2119 and 2 (Counts Two, Three and Six); one count of attempted car jacking, in violation of §§ 2119 and 2 (Count Four); and one count of use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count Five).  [Docs. 11, 23, 25, 32].  Galvan faced a possible statutory maximum sentence of life imprisonment on Count Five.  See United States v. Gray, 260 F.3d 1267, 1281 (11th Cir. 2001) ("[E]very conviction under § 924(c)(1)(A) carries with it a statutory maximum sentence of life imprisonment, regardless of what subsection the defendant is sentenced under.") (citation omitted); see also [Doc. 23-1 at 4].  On August 11, 2011, the Court entered judgment sentencing Galvan to a total of 255 months of imprisonment, consisting of 135 months on Counts One, Two, Three, Four, and Six, and 120 months on Count Five, to run consecutive.  [Doc. 37].  Galvan did not appeal.

On October 1, 2012, Galvan submitted a pro se § 2255 motion, alleging that she is innocent of the offense alleged in Count Five because "she does not fit the criteria

of being a felon in possession of a firearm."[2]  [Doc. 38].  On November 26, 2012, the Court dismissed Galvan's § 2255 motion as time barred.  [Docs. 39, 41-42].

Galvan filed the instant § 2255 motion on July 15, 2013, alleging that she should be resentenced based on (1) an amendment to the sentencing guidelines that would reduce her criminal history points and (2) the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). [Doc. 43].  In Alleyne, the Supreme Court extended its holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), "that any fact that increased the prescribed statutory maximum sentence must be an 'element' of the offense to be found by the jury," to apply to "any fact that increases the mandatory minimum." Alleyne, 133 S. Ct. at 2154-55.  The Supreme Court concluded that the jury must find beyond a reasonable doubt that the defendant "brandished" a gun in order to apply the seven-year mandatory minimum under § 924(c)(1)(A)(ii).  Id. at 2162-63.  Galvan contends that this Court thus erred in sentencing her to the ten-year mandatory minimum for discharging the firearm under § 924(c)(1)(A)(iii) because she did not admit to discharging the firearm. [Doc. 43 at 2].

---

[2] The Court notes that Count Five did not charge Galvan with being a felon in possession of a firearm, but with using a firearm in connection with a crime of violence.  [Doc. 11 at 3-4].

3

## II. DISCUSSION

Because Galvan filed a prior § 2255 motion that was dismissed as untimely, the instant motion is impermissibly successive. See Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) (holding "that a habeas or § 2255 petition that is properly dismissed as time-barred . . . constitutes an adjudication on the merits for successive purposes."). Accordingly, this Court may consider it only if Galvan has first obtained authorization from the Eleventh Circuit to file it. See 28 U.S.C. § 2255(h) & § 2244(b)(3)(A). There is no indication in the record that Galvan has obtained such authorization.

Additionally, Galvan's reliance on the Supreme Court's June 17, 2013, decision in Alleyne does not save her motion, even though she could not have brought this claim in her first habeas proceeding. See Banks v. United States, No. 1:13CV93 RWS, 2013 WL 3338500, at *1 & n.1 (E.D. Mo. July 2, 2013) (dismissing § 2255 motion raising Alleyne claim as successive). "Apprendi does not apply retroactively on collateral review." McCoy v. United States, 266 F. 3d 1245, 1258 (11th Cir. 2001). Because Alleyne "is based on an extension of Apprendi, [Galvan] cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review." In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004).

4

The Court lacks jurisdiction to consider the instant habeas proceeding unless Galvan can establish the inadequacy of the remedy under § 2255, commonly referred to as the savings clause.[3] Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1340-41 (11th Cir. 2013). Because Galvan's 255-month sentence does not exceed the statutory maximum of life imprisonment, the saving clause does not apply to her claim regarding her criminal history points. See Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) ("[T]he savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim . . . that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."), cert. denied, 132 S. Ct. 1001 (2012). As to Galvan's Alleyne claim, the savings clause does not apply because Alleyne is not a retroactively applicable decision. See Williams, 713 F.3d at 1343 ("[F]or a sentencing claim to pass muster under the savings clause [it] must be based upon a retroactively applicable Supreme

---

[3] "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C.A. § 2255(e).

Court decision."). Accordingly, the instant § 2255 motion is due to be dismissed for lack of jurisdiction.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Galvan's § 2255 motion as impermissibly successive is not debatable by jurists of reason, the undersigned recommends that she be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons,  **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 43], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 26th day of July, 2013.

*/s/ Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE